IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KHALIL RASHARD HILL,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   C.A. No. 20-739 (GBW)
                                    )
WARDEN KOLAWOLE                     )
AKINBAYO, et al.,                   )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

At Wilmington this 6th day of September, 2023, having considered Defendants' motion to dismiss (D.I. 22);

IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.I. 22) is **DENIED**.

Plaintiff Khalil Rashard Hill proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). On August 17, 2021, the Court screened the Complaint, identified what appeared to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915A(b), and entered a service order. (D.I. 9).

Defendants filed a motion to dismiss (D.I. 11), which was denied as moot after Plaintiff sought leave to file an Amended Complaint. (D.I. 18). The Amended Complaint is the operative pleading. (D.I. 19). Before the Court is Defendants' motion to dismiss the Amended Complaint. (D.I. 22). Briefing is

complete. The Court will also review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

The legal standard used when screening cases for failure to state a claim pursuant to § 1915A(b)(1) is identical to the Rule 12(b)(6) dismissal standard. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013), and *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In the Amended Complaint, Plaintiff added Defendants and allegations. The Court must liberally construe the Amended Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court concludes that the allegations contained in the Amended Complaint, as was the case with the initial Complaint, contain cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915A(b), and are sufficient to withstand the instant motion to dismiss.

Although Defendants invoke qualified immunity, the Court will not address the issue at this juncture. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the

vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009); *see also Pearson v. Callahan*, 555 U.S. 223, 239 (2009).

A full analysis of whether qualified immunity applies to Plaintiff's claims against Defendants is premature because there are unresolved questions of fact relevant to the analysis. Under the Due Process Clause of the Fourteenth Amendment, pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The issue of whether the triple bunking of pretrial detainees constitutes punishment in contravention of the Due Process Clause is inexorably intertwined with the question of whether the triple bunking decision "'is reasonably related to a legitimate government objective,'" *Hubbard v. Taylor*, 538 F.3d 229, 236 (3d Cir. 2008) (quoting *id.* at 549). The relevant legitimate government objective in the context of evaluating triple bunking decisions is managing overcrowding in prison facilities. *See, e.g., id.* at 233. Here, on the pleadings and with no evidence presented, there is no indication that a governmental interest in managing overcrowding was at issue.

3

Therefore, the Court will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to Defendants' ability to later raise the defense.

                                                                                          _____
The Honorable Gregory B. Williams
United States District Judge